# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HEIDI RYAN, | Case No. 2:15-cv-00319-MMD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| WAL-MART STORES, INC., et al., | |
| Defendant(s). | |

On July 16, 2015, the Court instructed the Clerk's Office to seal Docket No. 35 and to add a notation that the exhibit lodged with the Court at Docket No. 37 is also sealed. Docket No. 40. The Court further ordered Defendant to show cause why those materials should remain sealed. *Id.* at 1. Now pending before the Court is Defendant's response. Docket No. 42. For the reasons discussed below, the Court hereby **ORDERS** that Docket No. 35 and the exhibit lodged with the Court at Docket No. 37 shall remain sealed. The Court further **ORDERS** Plaintiff to file, no later than July 29, 2015, on the public docket a redacted version of its motion to compel concealing the schematic at issue.[1]

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of*

---

[1] Nothing herein shall be construed as altering the briefing schedule on the underlying motion to compel.

*Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.[2]

In this instance, Defendant contends that the information at issue can be used to further criminal activity (*i.e.*, shoplifting) and is properly sealed. This showing is sufficient to satisfy the good cause standard. As the Court noted previously, however, the schematic displayed within Docket No. 35 is already in the public domain since it was filed on the public docket. The Court is not able to make that information "un-public" at this point. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, *2 (D. Ariz. Apr. 25, 2012) ("[I]nformation that has already entered the public domain cannot in any meaningful way be later removed from the public domain"). Nonetheless, the Court will grant Defendant's request that the information be sealed to prevent further dissemination vis-a-vis the Court's docket.

IT IS SO ORDERED.

DATED: July 22, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendant's filing relies in significant part on out-of-circuit authority. The Ninth Circuit has a robust body of law regarding sealing judicial documents. In these circumstances, Defendant's counsel should focus her attention in the future on Ninth Circuit authority.